UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>TUNCAY SAYDAM,<br>    Defendant. | Case No. 22-cv-07371-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 42 |

Plaintiff United States of America ("the Government") brings this case against Defendant Tuncay Saydam alleging that, from 2013 to 2017, Saydam willfully failed to comply with U.S. tax laws requiring him to annually report his foreign bank accounts in a Report of Foreign Bank and Financial Accounts ("FBAR"). 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.306(c), 1010.350(a). On July 12, 2024, the court denied the Government's motion for summary judgment on the issue of whether Saydam's violation of the statute was willful. [Docket No. 41 (MSJ Order).] On August 26, 2024, the Government moved for leave to file a motion for reconsideration of the summary judgment order. [Docket No. 42 (Mot.).] The court granted the motion for leave and construed the motion as the Government's motion for reconsideration. [Docket No. 43.] Saydam filed a response, [Docket No. 59 (Opp'n)], and the Government filed a reply, [Docket No. 62 (Reply)]. The motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

I.  **BACKGROUND**

In its summary judgment order, the court stated in relevant part: "Section 5321(a)(5) does not define willfulness, nor has the Ninth Circuit addressed willfulness in the FBAR context." MSJ Order 4. The court cited several potential definitions of willfulness, including the objective recklessness standard used by *United States v. Horowitz*, 978 F.3d 80, 89 (4th Cir. 2020) (holding

1   that a defendant is reckless in the FBAR context if he "(1) clearly ought to have known that (2)
2   there was a grave risk that an accurate FBAR was not being filed and if (3) he was in a position to
3   find out for certain very easily"); the subjective recklessness standard used by *Erickson Prods.,*
4   *Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019) (holding that a defendant is reckless in the
5   copyright context if he "knows of a substantial and unjustified risk of such wrongdoing"); and the
6   "willful blindness" standard used in *United States v. Goldsmith*, 541 F. Supp. 3d 1058, 1083 (S.D.
7   Cal. 2021) (holding that defendant acted willfully where she "(1) subjectively believed there was a
8   high probability that a fact exists and (2) [took] deliberate actions to avoid learning of that fact").

   The court noted that neither party adequately briefed the "willfulness" standard, including the definition of "recklessness" in the FBAR context. MSJ Order 5. The court ultimately denied the motion for summary judgment because "a reasonable juror could conclude that Defendant acted negligently as opposed to willfully under any of the definitions of willfulness discussed above." *Id.*

   On July 12, 2024, the court denied the Government's motion for summary judgment and found that a genuine issue of material fact remained regarding whether Saydam had willfully violated the FBAR statute. MSJ Order 7.

   On August 21, 2024, the Ninth Circuit decided *United States v. Hughes*, No. 23-15712, 2024 WL 3883684 (9th Cir. Aug. 21, 2024). Joining "every other Court of Appeals to consider this question," *Hughes* held that "an objective recklessness standard" applies to willful FBAR violations. *Id.* at *1.

   In light of the newly announced standard in *Hughes*, the Government diligently sought and was granted leave to file a motion for reconsideration of the summary judgment order. *See* Civil L.R. 7-9(b)(2) (party may seek reconsideration upon "the emergence of new material facts or a change of law"). The Government also argues that Rule 7-9(b)(3) applies because the summary judgment order did not address parts of the record that are material to the *Hughes* objective recklessness standard. Mot. at 7-8.

**II.   DISCUSSION**

   In *Hughes*, the Ninth Circuit set forth the recklessness standard for willful FBAR

violations.  It held that "a determination of a willful failure to file an FBAR requires a finding that (1) the filer 'clearly ought to have known that there was a grave risk that' the filing requirement was not being met, and (2) the filer 'was in a position to find out for certain very easily.'"  *Id.* at *3 (quoting *Bedrosian v. United States of Am., Dep't of the Treasury, Internal Revenue Serv.*, 912 F.3d 144, 153 (3d Cir. 2018)).  The Ninth Circuit emphasized that "civil recklessness requires proof of something more than mere negligence."  *Id.*[1]

*Hughes* does not change the outcome of the court's summary judgment decision in this instance.  The court cited *Kast* but also cited the objective recklessness standard.  *See* MSJ Order 7 (citing *Horowitz*, 978 F.3d at 81-82; *Goldsmith*, 541 F. Supp. 3d at 1091).  The court explicitly stated that its decision was based on "any of the definitions of willfulness discussed above," including the objective recklessness standard.  *Id.* at 5.

Material disputes of fact remain under the standard announced in *Hughes*; namely, whether Saydam "clearly ought to have known" there was a "grave risk" that he was in violation of the FBAR statute and was "in a position to find out for certain very easily."  From 2014 to 2017, Saydam filed Schedule B forms through tax preparing services at H&R Block, in which he falsely stated that he did not have a financial interest in or signature authority over a financial account located in a foreign country.  [Docket Nos. 34-55 (2014 Tax Return), 34-56 (2015 Tax Return), 34-57 (2016 Tax Return), 34-58 (2017 Tax Return) (collectively "Saydam Tax Returns")].  As the Government concedes, however, false statements in a signed tax return are not dispositive evidence of recklessness.  Reply 2-3.  Saydam raises evidence that a reasonable person in his position may not have known of the grave risk that he was violating the FBAR requirements, because he testifies that his H&R Block appointments were short and routinized and that he did

---

[1] Defendant appears to argue that *Hughes* did not alter the standard for recklessness, but merely defined willful blindness.  Opp'n 8-9.  Defendant argues that *Kast* controls, so recklessness still requires some type of subjective awareness of risk by the defendant.  *Id.*  This is blatantly incorrect and unhelpful.  *Hughes* clearly held that in the FBAR context, "'willfulness' can be shown by proof of objective recklessness as well as subjective intent."  2024 WL 3883684, at *1 (citing *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007)).  It is indisputable that *Hughes* now controls in the current case, not *Kast.*

not remember anyone asking him about foreign accounts. [Docket No. 34-1 (Dep. Tuncay Saydam) 159-160, 162.] Additionally, Saydam raises evidence that it would not have been very easy for him to find out for certain whether he had FBAR reporting requirements, because the H&R Block representatives who helped him were not qualified to prepare returns related to foreign income. [Docket Nos. 34-3 (Linda Dunn Dep.); 34-4 (German Gomez Dep.); 34-5 (Morris Rorer Dep.).]

The Government argues that the court failed to consider parts of the record that are material under *Hughes*. Specifically, the Government cites to (1) two letters that Saydam received from his Swiss bank informing him that his account was being closed due to tightening U.S. regulations, and recommending that he "consult with a qualified tax advisor to determine if there exist any U.S. tax consequences in connection with the closure of the banking relationship" [Docket Nos. 34-16; 34-21]; (2) a U.S. Withholding Tax Questionnaire for Natural Persons that Saydam signed for his Swiss bank account "to correctly determine the status and qualification of the safe custody account holder for the purpose of U.S. Withholding Tax" [Docket No. 34-12]; and (3) the fact that Saydam filled out a W-9 form for his Swiss bank account, but not for any of his Turkish bank accounts [Docket No. 36-6 (Saydam W-9)]. Mot. 8. The Government argues that these materials indicate that Saydam was on notice of "potential disclosure obligations" involving his foreign accounts. *Id.*

These pieces of evidence do not eliminate the existence of material disputes of fact. The recklessness standard in *Hughes* requires more than non-specific references to potential U.S. tax disclosure obligations and consequences. A reasonable jury could conclude that this evidence is insufficient to demonstrate that Saydam "clearly ought to have known" there was a "grave risk" that he was in violation of the FBAR statute. The Government also argues that Defendant could have "very easily" followed up on the materials by inquiring about them with his H&R Block tax advisors or his Turkish attorneys representing him regarding one of his Turkish accounts. Reply 4-5. But the record indicates that Defendant did not have access to these tax advisors or attorneys until months or years after receiving the cited materials. Additionally, as discussed above, the H&R Block representatives were not qualified to prepare returns related to foreign income and

4

met with Saydam in brief, routinized appointments. With respect to the attorney, a reasonable jury may decide that it would not have been "very easy" for Defendant to find out about U.S. FBAR tax requirements by asking his Turkish attorneys.

## III. CONCLUSION

For the foregoing reasons, *Hughes* does not change the outcome of the summary judgment order. The motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: September 16, 2024

_____
Donna M. Ryu
Chief Magistrate Judge