UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>TUNCAY SAYDAM,<br>　　　　　Defendant. | Case No. 22-cv-07371-DMR<br><br>**FINAL JURY INSTRUCTIONS** |

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may have instructed you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

1 A court technician will show you how to operate the computer.  In the event of any
2 technical problem, or if you have questions about how to operate the computer or other equipment,
3 you may send a note to the court, signed by your foreperson or by one or more members of the
4 jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit
5 you were attempting to view.

6 If a technical problem or question requires hands-on maintenance or instruction, a court
7 technician may enter the jury room.  When the court technician or any non-juror is in the jury
8 room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-
9 juror other than to describe the technical problem or to seek information about operation of
10 equipment.  Do not discuss any exhibit or any aspect of the case.

11 The sole purpose of providing the computer in the jury room is to enable jurors to view the
12 exhibits received in evidence in this case.

### CREDIBILITY OF WITNESSES

14 In deciding the facts in this case, you may have to decide which testimony to believe and
15 which testimony not to believe.  You may believe everything a witness says, or part of it, or none
16 of it.

17 In considering the testimony of any witness, you may take into account:
18 (1) the opportunity and ability of the witness to see or hear or know the things testified to;
19 (2) the witness's memory;
20 (3) the witness's manner while testifying;
21 (4) the witness's interest in the outcome of the case, if any;
22 (5) the witness's bias or prejudice, if any;
23 (6) whether other evidence contradicted the witness's testimony;
24 (7) the reasonableness of the witness's testimony in light of all the evidence; and
25 (8) any other factors that bear on believability.

26 Sometimes a witness may say something that is not consistent with something else he or
27 she said. Sometimes different witnesses will give different versions of what happened.  People
28 often forget things or make mistakes in what they remember.  Also, two people may see the same

event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

Plaintiff the United States bears the burden of proof in this case.  When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read for you:

Tuncay Saydam was born in Turkey in 1938. He grew up and began working there as a professor into adulthood.  He immigrated to the United States with his family in 1980 to teach computer science at the University of Delaware. He became an American citizen in the late 1980s but has maintained dual Turkish and American citizenship continuously since then.  He has continued to travel back to Turkey throughout his life.  In the 1980s and early-to-mid 1990s, Mr. Saydam completed two sabbaticals in Switzerland and performed consulting work for Swiss companies in Switzerland.

Mr. Saydam opened Swiss bank accounts with Zürcher Kantonalbank ("ZKB") in Switzerland where he stored most of his savings. Mr. Saydam signed a U.S. Withholding Tax Questionnaire for Natural Persons and a W-9 associated with these accounts. The Form W-9 he submitted identified him as a U.S. person subject to IRS disclosures. In 2012, Mr. Saydam

received two letters from ZKB informing him that the bank was closing his accounts due to "the expected tightening of U.S. regulations." At this time, Tuncay had over $500,000 in his ZKB accounts. In late August 2012, Mr. Saydam opened three new bank accounts with DenizBank A.Ş. ("DenizBank"). He then travelled to Switzerland in early September to personally supervise the transfer of the balance of his ZKB accounts to his DenizBank accounts. Mr. Saydam wrote ZKB a letter requesting compensation for "the expenses and the inconvenience" ZKB had caused him during this process.

In both 2013 and 2014, Mr. Saydam had bank accounts in Turkey with DenizBank and Akbank T.A.Ş. ("Akbank") with a total balance that exceeded $10,000. In 2015, Mr. Saydam closed his DenizBank accounts and opened accounts with Turkiye İş Bankası A.Ş ("Isbank"). Thus, Mr. Saydam had bank accounts in Turkey with DenizBank, Akbank, and Isbank in 2015 with a total balance that exceeded $10,000. In both 2016 and 2017, Mr. Saydam had bank accounts in Turkey with Akbank and Isbank with a total balance that exceeded $10,000.

For 2013 through 2017, Mr. Saydam went to H&R Block in person to prepare his federal income tax returns or Forms 1040. For 2013 through 2015, Linda Dunn prepared Mr. Saydam's Forms 1040. For 2016, German Gomez prepared Mr. Saydam's Form 1040. For 2017, Morris Rorer prepared Mr. Saydam's Form 1040. Mr. Saydam signed his Forms 1040 for 2013 through 2017. For 2014 through 2017, the Schedule Bs to Mr. Saydam's signed Forms 1040 filed with the IRS have "No" selected in response to the questions regarding whether the taxpayer has "a financial interest or signature authority over a financial account . . . located in a foreign country" and whether the taxpayer is required to file an FBAR reporting that interest.

For 2013 through 2017, Saydam did not file timely FBARs reporting his bank accounts in Turkey.

These facts are placed in evidence as Exhibit 1. You must therefore treat these facts as having been proved.

## WHAT IS AN FBAR?

To help you understand the context of this dispute, I will provide you with some background regarding the reporting requirement at issue in this case.

5

United States citizens are subject to taxation on all income, regardless of whether the income is earned in this country or abroad. Federal law, including tax law, applies to everyone whether they specifically know about the law or not. To help in enforcing the tax laws, as well as other government matters, the law requires every United States citizen who has foreign bank accounts with more than $10,000 total in them to report those accounts every year to the IRS. This report is known as an "FBAR," which stands for Foreign Bank and Financial Accounts Report. The FBAR is filed separately from the federal income tax return. While your individual federal income tax return is filed on a Form 1040, the FBAR is filed on a specific form called FinCEN Form 114.  The FBAR is filed with a different government entity; not the IRS service center where you file your tax return.

In addition to the FBAR, U.S. taxing authorities are supposed to be notified of interests in foreign financial accounts on federal income tax returns. There is a question on the federal income tax return that asks whether the taxpayer has an interest in, or a signature or other authority over, a financial account in a foreign country, such as a bank account, securities account, or other financial account. A foreign account must be disclosed on an FBAR and on the federal income tax return even if the account did not generate any income during the year.

For 2013 through 2015, FBARs were due by June 30 of the following year. For 2016 and 2017, FBARs were due by October 15 of the following year.

The IRS may impose a civil penalty on a person who is required to file an FBAR but does not do so on time.  A separate penalty may apply for each violation.  Two levels of civil penalties exist.  There is a baseline penalty for non-willful violations.  There is a higher penalty for willful violations.  In this case, Tuncay Saydam is being charged with willful failures to file timely FBARs.  I will now explain what "willful" means.

**DEFINITION OF WILLFULNESS**

Willfulness is conduct that is voluntary, rather than accidental or unconscious. The United States must prove that Mr. Saydam willfully failed to file timely FBARs.  The United States can prove willfulness in any one of the following three ways:

(1) by showing that Mr. Saydam knowingly failed to file timely FBARs; or

6

(2) by showing that Mr. Saydam was willfully blind to the FBAR requirements; or

(3) by showing that Mr. Saydam acted recklessly in failing to file timely FBARs.

## KNOWING VIOLATION

In the FBAR context, a person acts knowingly if he has actual knowledge of the FBAR reporting requirements and chooses not to comply with them.

## WILLFULY BLIND VIOLATION

A person has been willfully blind when he subjectively believes there is a high probability that a fact exists and takes deliberate action to avoid learning of that fact. In the FBAR context, a person has been willfully blind to the FBAR requirements if he believed there was a high probability that reporting obligations existed related to his foreign accounts, but he took deliberate action to avoid confirming those requirements.

## RECKLESS VIOLATION

Reckless conduct is conduct that creates an unjustifiably high risk of a violation that is either known or so obvious that it should be known. In the FBAR context, a person has acted recklessly if a reasonable person (1) clearly ought to have known that there was a grave risk that the FBAR filing requirements were not being met and (2) was in a position to find out for certain very easily.

## NEGLIGENCE DISTINGUISHED

Negligence alone is not enough to establish willfulness. Negligence is the failure to use reasonable care. A person is negligent if he should have known that his conduct created an unreasonable risk of wrongdoing but, in fact, did not.

## WILLFULNESS DOES NOT REQUIRE AN EVIL MOTIVE OR BAD PURPOSE

A bad purpose or evil motive is not an element of willfulness.

## USE OF A TAX PROFESSIONAL OR TAX ATTORNEY

Reliance on a tax professional or tax attorney does not by itself negate willfulness.

## EFFECT OF SIGNATURE ON TAX RETURN

A person who signs a tax return cannot escape the requirements of the law by failing to review the tax return.

**USE OF NOTES**

Some of you may have taken notes during trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

//

**RETURN OF VERDICT**

A verdict form has been prepared for you. The form includes a table for the years at issue: 2013 through 2017. You should consider each year separately and determine if Mr. Saydam's failure to file timely FBARs for each year was willful. After you have reached unanimous agreement on a verdict, your presiding juror should complete the form according to your deliberations, sign and date it, and advise the courtroom deputy or the court security officer that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: October 2, 2024

_____
Donna M. Ryu
Chief Magistrate Judge